## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. EDCV 09-2124 DOC (OPx)                                        Date: August 3, 2010
         EDCV 10-1010 DOC (OPx)

Title: RICHARD CASIANO, LYNETTE CASIANO v. DEUTSCHE BANK NATIONAL TRUST, et al.

DOCKET ENTRY
　　　　[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
　　　　　　　　　　　　　　　　　　　　　　　　Date:_____  Deputy Clerk: _____

PRESENT:
### THE HONORABLE DAVID O. CARTER, JUDGE

　　Kathy Peterson　　　　　　　　　　　　　　Not Present
　　Courtroom Clerk　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT　　　　　　　　　　　　　　NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

　　　　On August 2, 2010, this Court received Richard and Lynette Casiano's Application for a Temporary Restraining Order ("Application"). The Application was filed both in Case No. EDCV 09-2124 DOC (OPx), which the Casianos filed affirmatively as Plaintiffs, and Case No. EDCV 10-1010 DOC (Opx) ("Case 10-1010"), in which the Casianos are Defendants. The latter case was recently removed from state court by the Casianos and recently transferred from Judge Virginia A. Phillips to this Court. While the Application was filed in both cases, the text of the request in both cases states that a Temporary Restraining Order and Application for Preliminary Injunction is sought "in case # EDCV 10-1010 DOC (OPx)." As such, the Court considers the merits of issuing a TRO in Case 10-1010.

　　　　Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies. *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see*

*also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. Plaintiffs have the burden of showing that they are entitled to preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)). In addition, "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439, 94 S. Ct. 1113 (1974).

   Judge Phillips already denied a request for temporary restraining order in Case 10-1010 on the basis that Defendants were not likely to prevail because the Court appeared to lack jurisdiction. Dkt. 7. She also issued an Order to Show Case why this case should not be remanded, to which Defendants must respond by August 13, 2010. The Court echoes these concerns about jurisdiction. The Casianos have already removed, and this Court has already remanded, Case No. RIU014727 in Riverside Superior Court on *two* prior occasions. *See* Order Granting Motion to Remand Case, Dkt. 16, Case No. EDCV 09-2194 DOC (OPx) (Feb. 16, 2010); Order Remanding Case, Dkt. 11, Case No. EDCV 10-0450 DOC (OPx) (May 21, 2010).

   Furthermore, Defendants have failed to set forth the reason why a temporary restraining order is necessary. They do not give the date or details of any upcoming event which will cause them irreparable harm and which makes an *ex parte* application necessary.

   The Court cannot enter the extraordinary remedy of a temporary restraining order because Defendants have not established a likelihood of success on the merits, given that the Court has serious concerns about its jurisdiction and given that Defendants have not shown that there is some upcoming event which, if a TRO were not in place, would irreparably harm them. Thus, the Court hereby DENIES the instant Application.

   The Clerk shall serve this minute order on all parties to the action.