**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. EDCV 09-2124 DOC (OPx)					Date: February 28, 2011

Title: RICHARD CASIANO et. al. v. DEUTSCHE BANK NATIONAL TRUST COMPANY et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                                  Not Present
Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:	ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT				NONE PRESENT

PROCEEDING (IN CHAMBERS):	GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

       Before the Court is a Motion for Judgment on the Pleadings filed by Defendants Deutsche Bank National Trust Company and Mortgage Electronic Registration Systems ("Moving Defendants") in the above-captioned case (Docket 83). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The Court hereby GRANTS Moving Defendants' Motion for Judgment on the Pleadings.

**I.	BACKGROUND**

       This action arises from a dispute over the possession of real property located at 1251 Rock Springs Avenue, Norco, California ("Subject Property"). Plaintiffs Richard Casiano Sr. and Lynette Casiano ("Plaintiffs") took out a mortgage on the subject property from IndyMac Bank, F.S.B. on January 17, 2007. Both a Note and a Deed of Trust were executed. The Deed of Trust contained a Power of Sale provision.

       On March 9, 2009, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded, along with a declaration indicating the Notice of Default's compliance with the applicable provisions of the California Civil Code. On April 22, 2009, Moving Defendant Mortgage Electronic Registration Systems ("M.E.R.S."), as nominee for IndyMac Bank, F.S.B.,

transferred all of its beneficial interest under the Deed of Trust to IndyMac Federal Bank, FSB, who then substituted NDEx West, L.L.C. as the trustee under the Deed of Trust.

On June 10, 2009, a Notice of Trustee's Sale pertaining to the Deed of Trust was recorded. On June 24, 2009, the Deed of Trust was assigned to Moving Defendant Deutsche Bank National Trust ("Deutsche Bank"), as trustee. The assignment was recorded. On June 29, 2009, the Trustee's Sale occurred, which resulted in all interest in the property being conveyed to Deutsche Bank, as trustee of the IndyMac INDX Mortgage Trust 2007-FLX2, Mortgage-Pass-Through Certificates, Series 2007-FLX2.

On October 13, 2009, Plaintiffs brought suit against Moving Defendants as well as IndyMac Federal Bank, F.S.B., alleging various causes of action arising from the conduct of, and events leading up to, the foreclosure sale of the subject property. On November 13, 2009, the Federal Deposit Insurance Corporation, in its capacity as Receiver for IndyMac, removed this case to federal court (Docket 1).

Moving Defendants filed a previous Motion for Judgment on the Pleadings on July 28, 2010 (Docket 53), which the Court granted on September 21, 2011 (Docket 74). On that same day, the Court granted Plaintiffs' leave to amend their complaint (Docket 73). Plaintiffs subsequently filed their Third Amended Complaint ("TAC") on October 5, 2010 (Docket 75). In the TAC, Plaintiffs abandoned their previous claims and asserted sixteen new causes of action. Plaintiffs' TAC is substantially identical to a form complaint filed by other plaintiffs in another matter pending before this Court, *Charles Lincoln III et. al. v. The State of California*, SACV 09-1072.[1]

On December 22, 2010, Moving Defendants filed the instant motion for judgment on the pleadings. Pursuant to Local Rule 7-9, Plaintiffs' opposition to Moving Defendants' motion was due on January 10, 2011. As of January 14, 2011, Plaintiffs had not filed an opposition. The Court therefore granted Moving Defendants' motion for judgment on the pleadings as unopposed. Order Granting Motion for Judgment on the Pleadings, Jan. 14, 2011 ("January 14 Order") (Docket 86). Plaintiffs filed an *ex parte* application to vacate the Court's January 14 Order on January 20, 2011 (Docket 88) and filed an opposition to Moving Defendants' motion for judgment on the pleadings on February 1, 2011 (Docket 90). In an order issued concurrently with the instant order, the Court granted Plaintiffs' *ex parte* application to vacate the January 14 Order. The Court proceeds to consider the merits of Plaintiffs' TAC.

---

[1] The Court takes judicial notice of the filings in this case. A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

## II. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For purposes of such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* (citing *Doleman*, 727 F.2d at 1482); *accord Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999). Thus, the defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery. Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat plaintiff's recovery. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

"Judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach*, 896 F.2d at 1550 (citing Fed. R. Civ. P. 12(c)). However, the Court may consider facts that "are contained in materials of which the Court may take judicial notice." *Heliotrope*, 189 F.3d at 981 (citing *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). A Court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III. DISCUSSION

In the TAC, Plaintiffs have abandoned the eight causes of action previously asserted in this case. Plaintiffs have instead chosen to file sixteen entirely new claims in a complaint that is largely copied from a form complaint filed in another case, *Charles Lincoln III et. al. v. The State of California*, SACV 09-1072. The Court cannot help but interpret Plaintiffs' decision to file a form complaint copied from another case in lieu of amending its previous claims as an admission that its previous causes of action lack merit.

The claims asserted in the TAC are similarly insufficient to survive a motion for judgment on the pleadings. Not surprisingly given the TAC's origins, the TAC's allegations deal more with the alleged history of the mortgage industry and of civil rights law than with any specific claims related to Plaintiffs' case. Plaintiffs' first through third causes of action, in fact, seem geared towards amending civil rights statute and having parts of the California court system declared unconstitutional – causes of action that obviously cannot be maintained against Moving Defendants.

Adding to the confusion, Plaintiffs often refer generally to "Defendants," without specifying the specific Defendant implicated by a particular allegation. The Court identified this pleading deficiency in its September 21, 2011 Order Granting Moving Defendants' Motion for Judgment on the Pleadings. In that Order, the Court stated:

> Moving Defendants assert that Plaintiffs' imprecision in this regard merits granting Moving Defendants' Motion, on the grounds that Plaintiffs have not complied with the particularity requirement of Fed. R. Civ. P. 8, as well as the pleading requirements expounded in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court shares Moving Defendants concerns regarding the confusion engendered by Plaintiffs' general references to all "Defendants."

Order Granting Motion for Judgment on the Pleadings, Sept. 21, 2010 at 3 ("September 21 Order") (Docket 74).

Cognizant of Plaintiffs' status as pro se litigants, the Court declined, in its September 21 Order, to grant Moving Defendants' Motion for Judgment on the Pleadings on this ground. *Id.* (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)). The circumstances, however, have now changed. In another order issued on September 21, 2010, the Court, in granting Plaintiffs' motion for leave to amend, warned Plaintiffs that if their amended complaint "fail[ed] to address the defects identified by the Court's Judgment on the Pleadings order," any future motions for judgment on the pleadings likely would be granted without providing Plaintiffs a further opportunity to amend. Order Granting Plaintiffs' Motion for Leave to Amend, Sept. 21, 2010 (Docket 73). In the TAC, Plaintiffs have repeated the errors of their previous complaints by referring generally to all "Defendants," without specifying which cause of action is alleged against which Defendant or identifying the relationships between the parties or any specific claims. The occasional instances where a specific Defendant is named appears in a vacuum, and does not allow for the drawing of connections between that isolated allegation and the remainder of the complaint. As a result, Defendants are left guessing at to which issues they are required to meet and defendant.

The TAC represents Plaintiffs' fourth attempt to plead a viable claim for relief. Further attempts at amendment would prove futile and would serve only to waste time.

Accordingly, Moving Defendants' Motion for Judgment on the Pleadings is GRANTED. Moving Defendants are hereby dismissed from this proceeding WITH PREJUDICE.

### IV. DISPOSITION

In light of the above, Moving Defendants' Motion for Judgment on the Pleadings is

GRANTED.  Moving Defendants are hereby dismissed from this proceeding WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.